**Troy P. Owens, Jr. (SBN 298619)**
THE LAW OFFICE OF TROY P. OWENS, JR., A.P.C.
2400 FENTON STREET, SUITE 216
CHULA VISTA, CA 91914
TELEPHONE: (619) 765-5000
FACSIMILE: (619) 599-8181
TROYOWENS@TROYOWENSLAW.COM

Attorneys for Plaintiff AMAURIE JOHNSON

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMAURIE JOHNSON, an individual,<br>　　　　Plaintiff,<br>　v.<br>CITY OF LA MESA, a municipal entity, MATT DAGES, an individual, and DOES 1-6, inclusive,<br>　　　　Defendants. | Case No.: '20CV1461 JM   RBB<br>**COMPLAINT FOR:**<br>1. Arrest Without Probable Cause – 42 U.S.C. section 1983<br>2. Negligence<br>3. Excessive Force – 42 U.S.C. section 1983<br>4. Violence Because of Race – The Ralph Act Civil Code §51.7<br>5. Excessive Force – The Bane Act Civil Code §52.1<br>6. *Monell* Liability |

1

**COMPLAINT**

COMES NOW, Plaintiff AMAURIE JOHNSON, by and through his attorney of record, THE LAW OFFICE OF TROY P. OWENS, JR., A.P.C., by Troy P. Owens, Jr., Esq., and alleges as follows:

## I.
## JURISDICTION AND VENUE

1. The United States District Court, in and for the Southern District of California, has original jurisdiction over the civil rights cause of action pled herein under 42 U.S.C. § 1983, and pursuant to 28 U.S.C. § 1343(a)(3), and by the federal questions raised therein pursuant to 28 U.S.C. § 1331. Venue of this controversy is proper in the Southern District of California pursuant to 28 U.S.C. 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims herein occurred in the Southern District of California.

## II.
## GENERAL ALLEGATIONS

2. At all times relevant to this Complaint, plaintiff AMAURIE JOHNSON, was an individual residing in San Diego County, California.

3. At all times relevant to this Complaint, Defendant CITY OF LA MESA was a municipal corporation, incorporated in 1912, under the general laws of the state of California, which derives its municipal authority from the general laws of the state of California in respects not governed by city ordinance.

4. At all times relevant to this Complaint, defendant MATT DAGES was employed by the CITY OF LA MESA as a La Mesa Police Officer and was an individual and a resident of San Diego County, California.

5. Plaintiff is ignorant of the true names, identities, and capacities of DOES 1 through 10, inclusive. Therefore, plaintiff sues these defendants under the fictitious designations of DOES 1 through 10. Plaintiff will amend this complaint once their identities have been ascertained as well as the facts giving rise to their

liability.

## III.
## FACTS

6. On Wednesday, May 27, 2020, Plaintiff AMAURIE JOHNSON (hereafter "Mr. JOHNSON") was a 23-year-old black male who was standing in front of the parking lot to "The District." "The District" is a luxury apartment complex in the City of La Mesa. Mr. JOHNSON had just arrived at the premises to visit friends who are residents of "The District." Mr. JOHNSON's friends were returning from a local store.

7. Defendant MATT DAGES (hereafter "Officer DAGES"), along with a team of other La Mesa Police Officers, were performing enforcement at a nearby trolley station.

8. Officer DAGES walked away from the trolley station, crossed a street, and approached Mr. JOHNSON who was standing in front of the apartment complex waiting for his friends.

9. Officer DAGES asked Mr. JOHNSON why he was standing in front of the complex. Mr. JOHNSON explained to Officer DAGES that he was waiting for his friends to arrive. Officer DAGES asked Mr. JOHNSON if he was smoking weed and Mr. JOHNSON said he was not. Officer DAGES told Mr. Johnson that he didn't believe him and ordered him to get his friends on the phone. Mr. JOHNSON complied and called his friends. As Mr. JOHNSON's call was in progress, his friends pulled up to the scene and stopped their vehicle.

10. Mr. JOHNSON tried to walk away from Officer DAGES and end their interaction. Officer DAGES refused to allow Mr. JOHNSON to leave. Officer DAGES pushed Mr. JOHNSON to prevent him from going to his friends. Officer DAGES then grabbed Mr. JOHNSON by the jersey that Mr. JOHNSON was wearing and held him in place. Mr. JOHNSON explained that Officer DAGES had

no right to keep him detained and that he is leaving. Officer DAGES violently grabbed Mr. JOHNSON's arm, forcefully jerked Mr. JOHNSON's body, and aggressively pushed Mr. JOHNSON into a seated position. Officer DAGES kept control of Mr. JOHNSON by placing him in an arm-bar.

11. Mr. JOHNSON again tried to get up and go to his friends, asserting his right to leave as Officer DAGES had no authority to detain him. Officer DAGES repeatedly pushed Mr. JOHNSON down onto a concrete bench. This time, several other officers that were at the nearby trolley station had come to serve as backup for Officer DAGES. A backup officer [DOES 1] assisted Officer DAGES in handcuffing Mr. JOHNSON.

12. Officer DAGES then claims that Mr. JOHNSON "smacked" him. Mr. JOHNSON immediately denies doing this and reminds Officer DAGES that the entire interaction is on film. Several bystanders were recording the video on their cellular phones.

13. Officer DAGES arrested Mr. JOHNSON and drove him from the scene to the La Mesa Police Department. Officer DAGES issued Mr. JOHNSON a citation for Assault on a Peace Officer in violation of California Penal Code §243(b), and resisting/obstructing/delaying a Peace Officer in violation of California Penal Code §148(a). Officer DAGES then told Mr. JOHNSON to leave the police station.

14. On June 3, 2020, the City of La Mesa held a press conference about the incident. The Chief of the La Mesa Police Department stated that Mr. JOHNSON was contacted for a smoking in public at the platform area.

15. On the date of the incident, Mr. JOHNSON was never on the trolley platform. Mr. JOHNSON was not smoking. Mr. JOHNSON had no smoking paraphernalia on his person at the time of his arrest. There was no smoke on, or around, Mr. JOHNSON.

16. On June 5, 2020, the La Mesa Police Department announced that it will not seek prosecution of Mr. JOHNSON.

## IV.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

17. Mr. JOHNSON filed his governmental claim with the CITY OF LA MESA on June 9, 2020. The statutory period has expired for the CITY OF LA MESA to respond and Mr. JOHNSON has exhausted his administrative remedies by operation of law.

## V.

## FIRST CAUSE OF ACTION

### Arrest Without Probable Cause – 42 U.S.C. §1983

### [Against Officer DAGES]

Mr. JOHNSON incorporates by reference all prior allegations pled in this complaint.

18. Mr. JOHNSON had a firmly established right under the Fourth Amendment to the Constitution of the United States to be free from arrest without probable cause. Defendant Officer DAGES arrested Mr. JOHNSON without a warrant and without probable cause to believe that a crime had been committed despite the fact that Mr. JOHNSON had committed no crime.

19. At the time Officer DAGES arrested Mr. JOHNSON without a warrant and without probable cause to believe a crime had been committed, he was acting under color of state law as a uniformed police officer within the course and scope of his employment for the CITY OF LA MESA.

20. Officer DAGES, in arresting Mr. JOHNSON without probable cause, deprived Mr. JOHNSON of the rights, privileges, and immunities secured to him by the Fourth Amendment to the Constitution of the United States.

21. Officer DAGES' arrest of Mr. JOHNSON without probable cause was

the moving force that caused general or non-economic damage to Mr. JOHNSON including physical pain, suffering, and emotional distress.

22. The conduct of Officer DAGES constituting false arrest, justifies the imposition of punitive damages against him in order to punish him for his conduct, and to deter him from engaging in similar conduct in the future, because the conduct was malicious, oppressive and/or in reckless disregard of Mr. JOHNSON's rights. The conduct was malicious because it was accompanied by ill will, spite and/or for the purpose of injuring Mr. JOHNSON. The conduct was oppressive because it injured and/or damaged Mr. JOHNSON and/or violated Mr. JOHNSON's rights with unnecessary harshness and/or severity, and it was a misuse or abuse of the authority or power by the defendant. The conduct was with a conscious disregard of Mr. JOHNSON's rights because, under the circumstances, it reflected a complete indifference to Mr. JOHNSON's safety or rights.

## VI.
## SECOND CAUSE OF ACTION
### Negligence
**[Against the CITY OF LA MESA, Officer DAGES and DOES 1]**

Mr. JOHNSON incorporates by reference all prior allegations pled in this complaint.

23. Officer DAGES and DOES 1 had a duty to Mr. JOHNSON under California law to exercise ordinary care and prudence in their conduct and actions so as not to cause harm or injury to others, including Mr. JOHNSON.

24. Officer DAGES and DOES 1 breached the duty they owed to Mr. JOHNSON to exercise ordinary care by arresting Mr. JOHNSON for doing nothing more than standing by an apartment complex. Officer DAGES and DOES 1 had special training to identify whether someone was in violation of California law and knew, or should have known, that Mr. JOHNSON was not.

25.     Officer DAGES' and DOES 1's breach of the duty they owed to Mr. JOHNSON was the direct, proximate, legal, and foreseeable cause of harm to Mr. JOHNSON which includes emotional distress, mental suffering, and inconvenience.

26.     The CITY OF LA MESA is vicariously liable for the damages on Mr. JOHNSON's state law claims under the doctrine of *respondeat superior* and California Government Code §815.2(a) because the officers were acting within the course and scope of their employment with the CITY OF LA MESA.

## VII.
## THIRD CAUSE OF ACTION
### Excessive Force – The Bane Act – Civil Code §52.1
### [Against Officer DAGES, and DOES 1-6]

Mr. JOHNSON incorporates by reference all prior allegations pled in this complaint.

27.     Defendants Officer DAGES, and DOES 1-6, whether or not acting under color of state law, interfered by threat, intimidation, or coercion, or attempted to interfere by threat, intimidation, or coercion, with Mr. JOHNSON's exercise and/or enjoyment of his rights secured by the Fourth Amendment to the Constitution of the United States to be free from unreasonable searches and seizures caused by the use of objectively unreasonable and excessive force against Mr. JOHNSON. The excessive force is evidenced by repeatedly pushing Mr. Johnson, placing him in an arm bar, pushing his body onto concrete, and being strong-armed by two officers in order to be handcuffed. The force was used without cause, when Mr. JOHNSON was not a threat to the safety of officers or others. The force used against Mr. JOHNSON far outweighed any governmental interest in the use of force.

28.     Officer DAGES' and DOES 1-6's use of unreasonable and excessive

force against Mr. JOHNSON was the moving force that caused general or non-economic damages to Mr. JOHNSON, including past physical pain, past and future suffering, and emotional distress. Officer DAGES' and DOES 1-6's use of unreasonable and excessive force against Mr. JOHNSON was the moving force that caused special or economic damages to Mr. JOHNSON, including future medical expenses.

29.     The conduct of Officer DAGES and DOES 1-6, constituting the use of excessive force, justifies the imposition of punitive damages against Officer DAGES and DOES 1-6 to punish them for their conduct, and to deter them from engaging in similar conduct in the future, because the conduct was malicious, oppressive and/or in reckless disregard of Mr. JOHNSON's rights. The conduct was malicious because it was accompanied by ill will, spite and/or for the purpose of injuring Mr. JOHNSON. The conduct was oppressive because it injured and/or damaged Mr. JOHNSON and/or violated Mr. JOHNSON's rights with unnecessary harshness and/or severity, and it was a misuse or abuse of the authority or power by the defendant. The conduct was with a conscious disregard of Mr. JOHNSON's rights because, under the circumstances, it reflected a complete indifference to Mr. JOHNSON's safety or rights.

## VIII.
## FOURTH CAUSE OF ACTION
### Violence Because of Race – The Ralph Act – Civil Code §51.7
### [Against Officer DAGES and DOES 1-6]

Mr. JOHNSON incorporates by reference all prior allegations pled in this complaint.

30.     Officer DAGES and DOES 1, whether or not acting under color of state law, interfered with Mr. JOHNSON's right to be free from any violence, or intimidation by threat of violence, committed against him because of political

affiliation or on account of his race.

31. Mr. JOHNSON is a black male that was wearing athletic gear and standing in front of a luxury apartment complex. Officer DAGES contacted Mr. JOHNSON for those reasons alone, despite the deceptive reasons claimed later.

32. Officer DAGES refused to believe that the black man in athletic gear would have friends that live in a luxury apartment complex. Officer DAGES challenged Mr. JOHNSON to call his friends to prove his reason for being there. This conduct was done on reasons rooted in the fact that Mr. JOHNSON is black.

33. Officer DAGES and DOES 1-6 intentionally interfered with Mr. JOHNSON's right to be free from any violence, or intimidation by threat of violence, committed against him because of political affiliation, or on account of his race, by Officer DAGES' repeated pushing Mr. Johnson, placing him in an arm bar, pushing his body onto concrete, and being strong-armed by two officers in order to be handcuffed. The force was used without cause, when Mr. JOHNSON was not an immediate threat to the safety of the officers or others. The force used against Mr. JOHNSON far outweighed any governmental interest in the use of force.

34. The violence, or intimidation by threat of violence, was committed against Mr. JOHNSON because of his race. This is demonstrated by the way Officer DAGES treated other white citizens present differently. Officer DAGES did not approach any of the white citizens and demand that they justify their presence. Officer DAGES did not think that Mr. JOHNSON belonged solely because of his race. That was the basis for initiating the entire encounter, and the reason that force was used to continue the unlawful encounter.

35. Officer DAGES' and DOES 1-6's use of violence or threat of violence against Mr. JOHNSON by using unreasonable and excessive force against Mr. JOHNSON was the moving force that caused general or non-economic

damages to Mr. JOHNSON including past physical pain, past and future suffering, and emotional distress and special or economic damages to Mr. JOHNSON including future medical expenses.

36. Due to Officer DAGES' and DOES 1-6's use of violence or intimidation by threat of violence against Mr. JOHNSON because of his race, Mr. JOHNSON is entitled to a statutory civil penalty of $25,000 for each violation of California Civil Code §51.7 pursuant to California Civil Code §52.

37. The conduct of Officer DAGES and DOES 1-6, constituting the use of excessive force, justifies the imposition of punitive damages against Officer DAGES and DOES 1-6 to punish them for their conduct, and to deter them from engaging in similar conduct in the future, because the conduct was malicious, oppressive and/or in reckless disregard of Mr. JOHNSON's rights. The conduct was malicious because it was accompanied by ill will, spite and/or for the purpose of injuring Mr. JOHNSON. The conduct was oppressive because it injured and/or damaged Mr. JOHNSON and/or violated Mr. JOHNSON's rights with unnecessary harshness and/or severity, and it was a misuse or abuse of the authority or power by the defendant. The conduct was with a conscious disregard of Mr. JOHNSON's rights because, under the circumstances, it reflected a complete indifference to Mr. JOHNSON's safety or rights.

## IX.

## FIFTH CAUSE OF ACTION

### Excessive Force – The Bane Act – Civil Code §52.1

### [Against Officer DAGES and DOES 1-6]

Mr. JOHNSON incorporates by reference all prior allegations pled in this complaint.

38. Officer DAGES and DOES 1-6, whether or not acting under color of state law, interfered by threat, intimidation, or coercion, or attempted to interfere

by threat, intimidation, or coercion, with Mr. JOHNSON's exercise and/or enjoyment of his rights secured by the Fourth Amendment to the Constitution of the United States to be free from unreasonable searches and seizures caused by the use of objectively unreasonable and excessive force against Mr. JOHNSON. The force is evidenced by Officer DAGES' repeated pushing Mr. Johnson, placing him in an arm bar, pushing his body onto concrete, and being strong-armed by two officers in order to be handcuffed. The force was used without cause, when Mr. JOHNSON was not an immediate threat to the safety of the officers or others. The force used against Mr. JOHNSON far outweighed any governmental interest in the use of force.

39. Officer DAGES' and DOES 1-6's use of violence or threat of violence against Mr. JOHNSON by using unreasonable and excessive force against Mr. JOHNSON was the moving force that caused general or non-economic damages to Mr. JOHNSON including past physical pain, past and future suffering, and emotional distress and special or economic damages to Mr. JOHNSON including future medical expenses.

40. The conduct of Officer DAGES and DOES 1-6, constituting the use of excessive force justifies in the imposition of punitive damages against Officer DAGES and DOES 1-6 to punish them for their conduct, and to deter them from engaging in similar conduct in the future, because the conduct was malicious, oppressive and/or in reckless disregard of Mr. JOHNSON's rights. The conduct was malicious because it was accompanied by ill will, spite and/or for the purpose of injuring Mr. JOHNSON. The conduct was oppressive because it injured and/or damaged Mr. JOHNSON and/or violated Mr. JOHNSON's rights with unnecessary harshness and/or severity, and it was a misuse or abuse of authority or power by the defendants. The conduct was with a conscious disregard of Mr. JOHNSON's rights because, under the circumstances, it reflected a complete indifference to Mr.

JOHNSON's safety or rights.

## X.

## SIXTH CAUSE OF ACTION

### *Monell* Liability

### [CITY OF LA MESA]

Mr. JOHNSON incorporates by reference all prior allegations pled in this complaint.

41. Defendant CITY OF LA MESA has created a *de facto* policy and atmosphere of lawlessness and discrimination, encouraging excessive force by its officers by failing to supervise, review, and discipline its officers' use of force against citizens. Based on information and belief, the CITY OF LA MESA had knowledge of excessive force used by its officers for which the CITY OF LA MESA routinely ignored and failed to meaningfully investigate and discipline its officers, and failed to take any meaningful action on complaints made on governmental claim forms such as the one submitted by Mr. JOHNSON. This failure to supervise, investigate, and discipline officers that had government tort claims act complaints filed against them has created an attitude of lawlessness regarding the use of force within the police force and its longstanding practice has made the conduct of Officer DAGES and DOES 1-6 standard operating procedure and custom within the La Mesa Police Department.

42. Defendant CITY OF LA MESA's *de facto* policy and atmosphere of lawlessness and discrimination, encouraging excessive force by its officers, by failing to supervise, review, and discipline its officers' use of force against citizens, and failure to investigate citizen complaints of excessive force, thereby creating an atmosphere condoning use of force because officers knew there would be no repercussion or discipline, was the moving force behind the damage done to Mr. JOHNSON.

43. Defendant CITY OF LA MESA's *de facto* policy and atmosphere of lawlessness has resulted in over 142 use of force incidents from 2016 to 2020. Only 23 of these use of force incidents resulted in discussions with the officers. Only two of these use of force incidents prompted further investigation. This includes a 2018 incident in which La Mesa Police Officer Scott Wulfing repeatedly slammed a handcuffed teenage girl. Officer Wulfing is reportedly still employed and without discipline as a result of that incident.

44. Defendant CITY OF LA MESA's *de facto* policy and atmosphere of lawlessness is well-known to its citizenry. There have been days of protesting by those who demand that change take place and that officers be held accountable. Defendant CITY OF LA MESA is well aware of the atmosphere and has pledged transparency and appropriate action. Previous pledges of this nature have gone unfulfilled.

45. As a result of the CITY OF LA MESA's custom and policy regarding the use of force, Mr. JOHNSON has sustained damages. He has sustained general or non-economic damages, including past physical pain, past and future suffering, and emotional distress and special or economic damages to Mr. JOHNSON including future medical expenses.

WHEREFORE, plaintiff AMAURIE JOHNSON, prays for relief as follows:

1. General damages according to proof at the time of trial;
2. Special damages according to proof at the time of trial;
3. Attorney fees pursuant to 42 U.S.C. § 1988,
4. Attorney fees pursuant to California Civil Code §52.a(h),
5. Punitive damages against MATT DAGES and DOES 1-6,
6. Costs of suit incurred herein and interest; and

      7.    Any further equitable or legal relief that this Court deems just and appropriate.

DATED:  July 29, 2020           THE LAW OFFICE OF TROY P. OWENS, JR.

/s/ TROY P. OWENS, JR., ESQ.
Troy P. Owens, Jr., Esq., attorney
for plaintiff AMAURIE JOHNSON
troyowens@troyowenslaw.com