UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMAURIE JOHNSON,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>CITY OF LA MESA; MATT DAGES; and DOES 1-6,<br><br>　　　　　　　Defendants. | Case No.: 20cv1461 JM (RBB)<br><br>**ORDER ON DEFENDANTS' MOTION TO DISMISS** |

Defendants move to dismiss Plaintiff's claim against La Mesa Police Officer Matt Dages for violation of the Ralph Civil Rights Act, CAL. CIV. CODE § 51.7. (Doc. No. 5-1.) The motion has been fully briefed and the court finds it suitable for submission without oral argument in accordance with Civil Local Rule 7.1(d)(1). For the below reasons, the motion is **DENIED IN PART** and **GRANTED IN PART**.

I.  BACKGROUND

According to his Complaint, Plaintiff was standing in front of the parking lot of a luxury apartment complex in La Mesa waiting for his friends to return from the store. (¶ 6.) Officer Dages, who was working on a nearby trolley platform, approached Plaintiff and asked him why he was standing there and whether he was smoking weed. (¶ 9.) The interaction resulted in Plaintiff walking away, Officer Dages grabbing Plaintiff by the

jersey, pushing him into a seated position, placing him into an "arm-bar," and ultimately arresting him. (¶ 10.) Officer Dages claims Plaintiff smacked him. (¶ 12.) At the police station, Officer Dages issued Plaintiff a citation and told him to leave.  (¶ 13.)

## II.   LEGAL STANDARDS

To survive a motion to dismiss under Rule 12(b)(6), the complaint must contain sufficient facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.  The allegations must also be construed in the light most favorable to plaintiff. *Schueneman v. Arena Pharm., Inc.*, 840 F.3d 698, 704 (9th Cir. 2016).  In resolving the motion, the court does not weigh evidence, evaluate witness credibility, or consider the likelihood that a plaintiff will prevail at trial. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

## III.   DISCUSSION

The Ralph Civil Rights Act, CAL. CIV. CODE § 51.7, provides all persons in California with the "right to be free from any violence, or intimidation by threat of violence, committed against their persons or property" based on various protected characteristics, including political affiliation and race. *See also id.* §§ 51(b), (e).  The elements of a claim under section 51.7 are: "(1) the defendant threatened or committed violent acts against the plaintiff; (2) the defendant was motivated by his perception of plaintiff's race; (3) the plaintiff was harmed; and (4) the defendant's conduct was a substantial factor in causing the plaintiff's harm." *Knapps v. City of Oakland*, 647 F. Supp. 2d 1129, 1167 (N.D. Cal. 2009) (citing *Austin B. v. Escondido Union Sch. Dist.*, 149 Cal. App. 4th 860, 880-81, (2007)).

Defendants argue that Plaintiff's Ralph Act claim is "based entirely on the mere allegation that plaintiff is a black male." (Doc. No. 5-1 at 4.) Defendants also argue that there are no facts that Officer Dages' conduct was "motivated because of plaintiff's race." (*Id.*) In support of this argument, Defendants rely on *Arres v. City of Fresno*, No. CV F

10-1628 LJO SMS, 2011 WL 284971, at *27 (E.D. Cal. Jan. 26, 2011), in which the district court stated that "plaintiffs may not rely on the sole conclusory allegation that [the defendant officers'] conduct was 'because of his race' to bolster dismissal." The court dismissed the plaintiff's claim because (1) the plaintiff offered no "meaningful opposition to suggest otherwise," and (2) the officers "correctly note[d]" that the plaintiff did not allege that they "engaged in racial remarks, jokes or stereotypes." (*Id.*)

Other district courts have also found that merely alleging that the police officer defendant is of a different race is insufficient to support a reasonable inference that the plaintiff's protected characteristic was a motivating reason for the officer's conduct. *See Wilson v. City of Bakersfield*, Case No.: 1:16-cv-00387-JLT, 2016 WL 4000731, at *6 (E.D. Cal. July 25, 2016); *Boarman v. Cty. of Sacramento*, No. 2:11-cv-02825 KJM KJN, 2013 WL 3894167, at *3 (E.D. Cal. July 26, 2013); *Bass v. City of Fremont*, No. C12-4943 TEH, 2013 WL 891090, at *6 (N.D. Cal. Mar. 8, 2013); *Sullivan v. City of San Rafael*, No. C 12-1922 MEJ, 2012 WL 3236058, at *9 (N.D. Cal. Aug. 6, 2012).

Here, however, Plaintiff alleges that Officer Dages committed violence against him not just because he was a black male, but because: (1) Plaintiff was a black male "wearing athletic gear and standing in front of a luxury apartment complex;" (¶ 31); (2) "Officer Dages refused to believe that the black man in athletic gear would have friends that live in a luxury apartment complex," (¶ 32); and (3) "Officer Dages treated other white citizens present differently [because he] did not approach any of the white citizens and demand that they justify their presence," (¶ 34). These allegations are factual and not, as Defendants argue, merely conclusory. Moreover, these allegations, viewed in the light most favorable to Plaintiff, allow for the reasonable inference that Officer Dages' conduct was motivated by Plaintiff's race. Although Plaintiff does not allege that Officer Dages used racial language, Plaintiff alleges that Officer Dages' conduct, at least in approaching Plaintiff, was based on the stereotype that a black man wearing a jersey outside a luxury apartment was suspicious. In context, Plaintiff's allegations are not, as Defendant's argue, mere allegations that Officer Dages' conduct was based on the location where Plaintiff was

standing and the clothes Plaintiff was wearing. Defendants are correct, however, that Plaintiff pleads no facts to support his allegation that Officer Dages' conduct was based on his political affiliation.

### IV.   CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is **DENIED IN PART** and **GRANTED IN PART**. Defendants' motion to dismiss Plaintiff's Ralph Act claim based on race is **DENIED**. Defendants' motion to dismiss Plaintiff's Ralph Act claim based on political affiliation is **GRANTED**. Plaintiff's amended complaint, should he choose to file one, shall be filed on or before *December 4, 2020*. Defendants' response to the operative complaint shall be filed on or before *December 18, 2020*.

IT IS SO ORDERED.

DATED: November 24, 2020

_____
JEFFREY T. MILLER
United States District Judge