Daley & Heft, LLP
Attorneys at Law
Mitchell D. Dean, Esq. (SBN 128926)
Heather E. Paradis, Esq. (SBN 276650)
462 Stevens Avenue, Suite 201
Solana Beach, CA  92075
Telephone:  (858) 755-5666
Facsimile:  (858) 755-7870
E-mail:       mdean@daleyheft.com
                  hparadis@daleyheft.com

Attorneys for Defendants,
City of La Mesa and Matt Dages

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| Amaurie Johnson, an individual, | Case No.: 3:20-cv-1461-JM-AGS |
|---|---|
| Plaintiff, | **DEFENDANTS CITY OF LA MESA AND MATT DAGES' ANSWER TO PLAINTIFF'S COMPLAINT** |
| v. | |
| City of La Mesa, a municipal entity; Matt Dages, an individual; Does 1-6, inclusive, | **DEMAND FOR JURY TRIAL** |
| | Courtroom:  5D |
| | Judge:         Jeffrey T. Miller |
| Defendants. | Magistrate:  Andrew G. Schopler |
| | Complaint Filed:  July 29, 2020 |
| | Trial Date:            None set |

Defendants City of La Mesa and Matt Dages ("Defendants") answer Plaintiff's complaint as follows:

1. Answering paragraph 1 of the complaint, Defendants, without admitting the allegations in the complaint are true and given the affirmative defenses to the allegations of the complaint, admit that this Court has jurisdiction over this lawsuit and that venue is proper.

2. Answering paragraph 2 of the complaint, Defendants do not have sufficient knoweldge or information to admit or deny these allegations.

///

///

1

1       3.     Answering paragraph 3 of the complaint, Defendants admit these
2 allegations.
3       4.     Answering paragraph 4 of the complaint, Defendants admit these
4 allegations.
5       5.     Answering paragraph 5 of the complaint, Defendants do not have
6 sufficient knowledge or information to admit or deny these allegations.
7       6.     Answering paragraph 6 of the complaint, Defendants do not have
8 sufficient knowledge or information to admit or deny these allegations.
9       7.     Answering paragraph 7 of the complaint, Defendants admit these
10 allegations.
11       8.     Answering paragraph 8 of the complaint, Defendants admit only
12 that Officer Dages aproached Mr. Johnson.  Defendants do not have sufficient
13 information to admit or deny the remaining allegations.
14       9.     Answering paragraph 9 of the complaint, Defendants admit that
15 Officer Dages questioned Mr. Johnson about smoking.  Defendants deny all
16 other allegations.
17       10.     Answering paragraph 10 of the complaint, Defendants admit that
18 Mr. Johnson attempted to walk away.  Defendants deny the remaining
19 allegations.
20       11.     Answering paragraph 11 of the complaint, Defendants admit that
21 Mr. Johnson tried to leave and get up from a bench and officers responded to the
22 scene.  Defendants admit Mr. Johnson was handcuffed.  Defendants deny all
23 other allegations.
24       12.     Answering paragraph 12 of the complaint, Defendants admit that
25 Mr. Johnson hit Officer Dages and that there is video footage of the incident.
26       13.     Answering paragraph 13 of the complaint, admit these alletgions.
27       14.     Anwering paragraph 14 of the complaint, Defendants admit these
28 allegations.

15. Answering paragraph 15 of the complaint, Defendants do not have sufficient knowledge or information to admit or deny these allegations.

16. Answering paragraph 16 of the complaint, Defendants admit these alleagtions.

17. Answering paragraph 17 of the complaint, Defendants admit that Mr. Johnson presented a government claim with the City on June 9, 2020.

18. Answering paragraph 18 of the complaint, Defendants aver that the allegations of said paragraph state a legal conclusion to which no response is required. To the extent that this paragraph contains substantive or factual allegations, Defendants deny each and every allegation contained therein.

19. Answering paragraph 19 of the complaint, Defendants aver that the allegations of said paragraph state a legal conclusion to which no response is required. To the extent that this paragraph contains substantive or factual allegations, Defendants deny each and every allegation contained therein.

20. Answering paragraph 20 of the complaint, Defendants aver that the allegations of said paragraph state a legal conclusion to which no response is required. To the extent that this paragraph contains substantive or factual allegations, Defendants deny each and every allegation contained therein.

21. Answering paragraph 21 of the complaint, Defendants aver that the allegations of said paragraph state a legal conclusion to which no response is required. To the extent that this paragraph contains substantive or factual allegations, Defendants deny each and every allegation contained therein.

22. Answering paragraph 22 of the complaint, Defendants aver that the allegations of said paragraph state a legal conclusion to which no response is required. To the extent that this paragraph contains substantive or factual allegations, Defendants deny each and every allegation contained therein.

23. Answering paragraph 23 of the complaint, Defendants aver that the allegations of said paragraph state a legal conclusion to which no response is

required.  To the extent that this paragraph contains substantive or factual allegations, Defendants deny each and every allegation contained therein.

24. Answering paragraph 24 of the complaint, Defendants aver that the allegations of said paragraph state a legal conclusion to which no response is required.  To the extent that this paragraph contains substantive or factual allegations, Defendants deny each and every allegation contained therein.

25. Answering paragraph 25 of the complaint, Defendants aver that the allegations of said paragraph state a legal conclusion to which no response is required.  To the extent that this paragraph contains substantive or factual allegations, Defendants deny each and every allegation contained therein.

26. Answering paragraph 26 of the complaint, Defendants aver that the allegations of said paragraph state a legal conclusion to which no response is required.  To the extent that this paragraph contains substantive or factual allegations, Defendants deny each and every allegation contained therein.

27. Answering paragraph 27 of the complaint, Defendants aver that the allegations of said paragraph state a legal conclusion to which no response is required.  To the extent that this paragraph contains substantive or factual allegations, Defendants deny each and every allegation contained therein.

28. Answering paragraph 28 of the complaint, Defendants aver that the allegations of said paragraph state a legal conclusion to which no response is required.  To the extent that this paragraph contains substantive or factual allegations, Defendants deny each and every allegation contained therein.

29. Answering paragraph 29 of the complaint, Defendants aver that the allegations of said paragraph state a legal conclusion to which no response is required.  To the extent that this paragraph contains substantive or factual allegations, Defendants deny each and every allegation contained therein.

30. Answering paragraph 30 of the complaint, Defendants aver that the allegations of said paragraph state a legal conclusion to which no response is

1  required.  To the extent that this paragraph contains substantive or factual
2  allegations, Defendants deny each and every allegation contained therein.
3        31.    Ansering paragraph 31 of the complaint, Defendnats admit that Mr.
4  Johnson is a black male and was wearing a jersey.  Defendnats deny the
5  remaining allegations.
6        32.    Answering paragraph 32 of the complaint , Defendants deny these
7  allegations.
8        33.    Answering paragraph 33 of the complaint, Defendants aver that the
9  allegations of said paragraph state a legal conclusion to which no response is
10 required.  To the extent that this paragraph contains substantive or factual
11 allegations, Defendants deny each and every allegation contained therein.
12       34.    Answering paragraph 34 of the complaint, Defendants aver that the
13 allegations of said paragraph state a legal conclusion to which no response is
14 required.  To the extent that this paragraph contains substantive or factual
15 allegations, Defendants deny each and every allegation contained therein.
16       35.    Answering paragraph 35 of the complaint, Defendants aver that the
17 allegations of said paragraph state a legal conclusion to which no response is
18 required.  To the extent that this paragraph contains substantive or factual
19 allegations, Defendants deny each and every allegation contained therein.
20       36.    Answering paragraph 36 of the complaint, Defendants aver that the
21 allegations of said paragraph state a legal conclusion to which no response is
22 required.  To the extent that this paragraph contains substantive or factual
23 allegations, Defendants deny each and every allegation contained therein.
24       37.    Answering paragraph 37 of the complaint, Defendants aver that the
25 allegations of said paragraph state a legal conclusion to which no response is
26 required.  To the extent that this paragraph contains substantive or factual
27 allegations, Defendants deny each and every allegation contained therein.
28 ///

1   38.   Answering paragraph 38 of the complaint, Defendants aver that the allegations of said paragraph state a legal conclusion to which no response is required.  To the extent that this paragraph contains substantive or factual allegations, Defendants deny each and every allegation contained therein.

39.   Answering paragraph 39 of the complaint, Defendants aver that the allegations of said paragraph state a legal conclusion to which no response is required.  To the extent that this paragraph contains substantive or factual allegations, Defendants deny each and every allegation contained therein.

40.   Answering paragraph 40 of the complaint, Defendants aver that the allegations of said paragraph state a legal conclusion to which no response is required.  To the extent that this paragraph contains substantive or factual allegations, Defendants deny each and every allegation contained therein.

41.   Answering paragraph 41 of the complaint, Defendants aver that the allegations of said paragraph state a legal conclusion to which no response is required.  To the extent that this paragraph contains substantive or factual allegations, Defendants deny each and every allegation contained therein.

42.   Answering paragraph 42 of the complaint, Defendants aver that the allegations of said paragraph state a legal conclusion to which no response is required.  To the extent that this paragraph contains substantive or factual allegations, Defendants deny each and every allegation contained therein.

43.   Answering paragraph 43 of the complaint, Defendants aver that the allegations of said paragraph state a legal conclusion to which no response is required.  To the extent that this paragraph contains substantive or factual allegations, Defendants deny each and every allegation contained therein.

44.   Answering paragraph 44 of the complaint, Defendants aver that the allegations of said paragraph state a legal conclusion to which no response is required.  To the extent that this paragraph contains substantive or factual allegations, Defendants deny each and every allegation contained therein.

45. Answering paragraph 45 of the complaint, Defendants aver that the allegations of said paragraph state a legal conclusion to which no response is required. To the extent that this paragraph contains substantive or factual allegations, Defendants deny each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to each cause of action therein, Defendants assert the following:

### FIRST AFFIRMATIVE DEFENSE

46. The complaint fails to state a claim against Defendants upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

47. Defendants allege that if any damages were sustained by Plaintiff, the damages were proximately caused by the acts and/or omission of others over whom these answering Defendants exercises no control and for whose acts these answering Defendants are not responsible.

### THIRD AFFIRMATIVE DEFENSE

48. Any loss or damages sustained by Plaintiff were in whole or in part due to the acts or omission by Plaintiff, and Plaintiff's award, if any, should be reduced by his proportional share of negligence, fault, recklessness, or unlawful conduct.

### FOURTH AFFIRMATIVE DEFENSE

49. Plaintiff failed to mitigate his damages and should be barred from recovery of such amounts.

### FIFTH AFFIRMATIVE DEFENSE

50. Plaintiff waived any and all claims he may have had against Defendants.

///

///

## SIXTH AFFIRMATIVE DEFENSE

51. At all relevant times, the defendant officers acted within the scope of discretion, with due care, and good faith fulfillment of responsibilities pursuant to the applicable statutes, rules and regulations within the bounds of reason, and with the good faith belief that their actions comported with all applicable federal and state laws. *Harlow v. Fitzgerald* 457 U.S. 800 (2007). *Saucier v. Katz* 533 U.S. 194 (2001).

## SEVENTH AFFIRMATIVE DEFENSE

52. Defendants alleges that the acts complained of by Plaintiff were provoked by Plaintiff's unlawful and wrongful conduct, and the force and/or physical contact, if any, used was not excessive or unreasonable under the circumstances.

## EIGHTH AFFIRMATIVE DEFENSE

53. Defendants allege that Plaintiff's complaint fails to state facts sufficient to set forth a claim for punitive damages against Defendants.

## NINTH AFFIRMATIVE DEFENSE

54. Defendants acted in good faith without malice, and upon a reasonable believe that their conduct was lawful and necessary.

## TENTH AFFIRMATIVE DEFENSE

55. Defendants are not liable for injuries resulting from acts or omissions which were an exercise of their discretion.

## ELEVENTH AFFIRMATIVE DEFENSE

56. Defendants allege that Plaintiff has failed to bring this action in a timely manner and has otherwise failed to maintain this action within the applicable statute of limitations periods.

///

///

///

## TWELTH AFFIRMATIVE DEFENSE

57. Defendant City is not liable for Plaintiff's injuries or damages as its policies, customs and practices were constitutional, lawful, reasonable and/or not a direct or proximate cause of injury to Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE

58. Answering defendants are informed and believe that each and every act or omission of answering defendants were made or done in good faith and in the reasonable belief in the necessity or propriety of such act or omission for the proper execution and enforcement of the law.

## FOURTEENTH AFFIRMATIVE DEFENSE

59. Defendant Officer Dages is qualifiedly immune against any allegation that he acted to deny Mr. Johnson of his constitutional rights.

## FIFTEENTH AFFIRMATIVE DEFENSE

60. Because the complaint is couched in vague and conclusory terms, Defendants cannot fully anticipate all affirmative defenses that may be applicable to this action. Accordingly, Defendants hereby reserve the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, and/or to withdraw affirmative defenses as may be appropriate.

WHEREFORE, Defendants pray as follows:

1. That Plaintiff takes nothing by his complaint;
2. That Defendants be awarded costs of suit;
3. For such further relief as the court deems proper; and
4. That the sole liability of these Defendants, if any, be limited in proportion to the degree of fault attributable to these Defendants.

///
///
///
///

# **DEMAND FOR JURY TRIAL**

Defendants demand a jury trial of all issues triable by jury under applicable law.

Dated: December 18, 2020

Daley & Heft, LLP

By: /s/ Heather E. Paradis
Mitchell D. Dean
Heather E. Paradis
Attorneys for Defendants,
City of La Mesa and Matt Dages
E-mail: mdean@daleyheft.com.
hparadis@daleyheft.com