UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMAURIE JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF LA MESA; and MATT DAGES,<br><br>    Defendants. | Case No.:  20cv1461 JM (AGS)<br><br>**ORDER GRANTING JOINT MOTION TO STAY CIVIL ACTION PENDING RESOLUTION OF CRIMINAL PROCEEDINGS** |

All parties jointly move the court for an order staying this action pending resolution of the criminal Complaint and attendant criminal proceeding, Case No. CE403961, currently pending in the San Diego Superior Court against Defendant Matt Dages, a former officer of the La Mesa Police Department. (Doc. No. 15.)  For the below reasons, the motion is **GRANTED**.

**I.     BACKGROUND**

In this civil action, which consists of federal and statutory rights issues, Plaintiff alleges that on May 27, 2020, Officer Dages contacted, detained, and arrested him without reasonable suspicion, used excessive force to effect the detention, arrested him without probable cause, and submitted a false police report in support of the charges on which Plaintiff was arrested.  Plaintiff filed this action on July 29, 2020.  Following the denial of

a motion to dismiss, Defendants answered the Complaint on December 18, 2020. (Doc. No. 10.) On December 21, 2020, the San Diego County District Attorney's Office reportedly filed a felony complaint against Officer Dages alleging he submitted a false police report regarding the May 27, 2020 incident. On that same day, the Magistrate Judge scheduled an Early Neutral Evaluation conference for February 16, 2021. (Doc. No. 11.) Officer Dages is reportedly scheduled to be arraigned before the Superior Court on March 9, 2021. The parties request the stay because "Officer Dages will be unable to offer any meaningful defense to [Plaintiff's] allegations in this civil matter without waiving his Fifth Amendment rights." (Doc. No. 15 at 2.)

## II.   DISCUSSION

In the ordinary course, the Constitution does not require a stay of civil proceedings pending the outcome of criminal proceedings. *Keating v. Office of Thrift Supervision,* 45 F.3d 322, 324 (9th Cir.1995). "In the absence of substantial prejudice to the rights of the parties involved, [simultaneous] parallel [civil and criminal] proceedings are unobjectionable under our jurisprudence." "Nevertheless, a court may decide in its discretion to stay civil proceedings . . . . 'when the interests of justice seem [ ] to require such action.'" *Id.* (citations omitted). In *Keating*, the Ninth Circuit explained:

> The decision whether to stay civil proceedings in the face of a parallel criminal proceeding should be made in light of the particular circumstances and competing interests involved in the case. This means the decisionmaker should consider the extent to which the defendant's fifth amendment rights are implicated. In addition, the decisionmaker should generally consider the following factors: (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Id.* at 324-25 (internal citations and quotation marks omitted); *see also Three Rivers Provider Network, Inc. v. Jett Integration*, No. 14cv1092 JM KSC, 2015 WL 859448, at *6 (S.D. Cal. Feb. 27, 2015).

Upon consideration of these factors, the court finds it is in the interests of justice to stay the action. Plaintiff agrees to the stay, and the risk of prejudice has been mitigated because counsel for the parties reportedly have met and conferred regarding the preservation of evidence. Officer Dages' Fifth Amendment rights would clearly be burdened if required to proceed with this civil case prior to the resolution of his criminal charges. Adjudicating the criminal case first would preserve judicial resources, and potentially increase the possibility of resolution of this civil case prior to discovery or trial. All persons and entities who may be affected by this action are already parties and consent to a stay. Finally, the interest of the public will be served by ensuring all parties' civil, criminal, and Constitutional rights are fully adjudicated with the least possible complication.

### III. CONCLUSION

For the foregoing reasons, the parties' Joint Motion to Stay (Doc. No. 15) is **GRANTED**. The court declines, however, to stay this civil action indefinitely pending resolution of the criminal case. *See Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) ("Generally, stays should not be indefinite in nature."). Accordingly, the case is **STAYED** for *six months* from the date of entry of this order without prejudice to any party seeking a further stay of the action. In addition, Defendants are **ORDERED** to notify the court *within 14-days* of the resolution of the criminal case prior to the six-month deadline so that the stay may be lifted.

IT IS SO ORDERED.

Dated: February 11, 2021

Hon. Jeffrey T. Miller
United States District Judge